**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SEED RIVER, LLC, | ) | |
| 10120 S. Eastern Ave., #227 | ) | |
| Henderson, NV 89052 | ) | C.A. No. 1:21-cv-01497-VAC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AON3D, INC., a Delaware Corporation, | ) | |
| 9494 Boulevard Saint Laurent | ) | **Re: D.I. 7** |
| Suite 600 | ) | |
| Montreal, QC H2N 1P4 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF SEED RIVER, LLC'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**AGAINST DEFENDANT AON3D, INC. AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and based on the entry

of default against Defendant AON3D, Inc., ("Defendant") (ECF No. 7), Plaintiff Seed River, LLC

("Plaintiff"), by and through its undersigned counsel, respectfully requests, by and through the

instant motion and memorandum of law in support (the "Motion"), the entry of orders for default

judgment, declaratory relief, injunctive relief, and reasonable attorney fees and costs, in favor of

Plaintiff and against Defendant, substantially in the proposed order filed contemporaneously with

this Motion.

**I.    Introduction.**

1.    On October 25, 2021, Plaintiff initiated this action by and through its complaint

(the "Complaint") against Defendant for Defendant's willful actions in breach of two contracts,

the Simple Agreement for Future Equity ("SAFE") and the Side Letter Agreement ("Side Letter

Agreement"), executed between the parties.  (See ECF No. 1).

1

2.      As more thoroughly delineated below, an entry of default has been entered against Defendant and the requirements for default judgment have been met.  Accordingly, Plaintiff seeks entry of a default judgment for Plaintiff's claims, declaratory relief, injunctive relief, and an award of Plaintiff's costs and actual attorney fees incurred in enforcing its rights under the Side Letter Agreement.

II.    **Statement of Facts.**

a.    **Plaintiff's Rights.**

3.      Plaintiff is a limited liability company engaged in investment activities.  In 2018, Plaintiff agreed to invest $225,000.00 in Defendant and the parties correspondingly executed the SAFE.  Complaint ¶ 7.  Among other terms, the SAFE provided that if there is an Equity Financing before the expiration or termination of the SAFE, Defendant would automatically issue Plaintiff shares of standard preferred stock pursuant to a calculation set forth within the SAFE.  See Complaint ¶ 9.

4.      At the time of execution of the SAFE, and to ensure sufficient information was provided to Plaintiff in event of equity financing or a liquidity event, the parties contemporaneously executed the Side Letter Agreement.  See Complaint ¶ 10.  A true and correct copy of the Side Letter Agreement is attached hereto, made a part hereof, and marked as Exhibit A.

5.      The Side Letter Agreement allowed Plaintiff to review various financial documentation of the Defendant including quarterly financial reports within 30 days of the end of each quarter, complete yearly financial reports and tax documents within 45 days of the end of each calendar year, and grants Plaintiff a right to inspect Defendant's accounts.  See Complaint ¶ 10 and Exhibit A.  The Side Letter Agreement also granted Plaintiff additional rights to dividend

payments, pro rata investment rights, tag-along and preemption rights. See Complaint ¶ 10 and Exhibit A.

### b. **Defendant's Breaching Activities.**[1]

6.     Defendant is a Delaware corporation engaged in the business of manufacturing and selling three-dimensional printers.  See Complaint ¶ 6.

7.     Following execution of the SAFE and the Side Letter Agreement, Defendant has not provided Plaintiff with any quarterly financial reports, yearly financial reports, tax documentation and has refused to allow Plaintiff to inspect Defendant's accounts.  See Complaint ¶ 11.

8.     Defendant has refused repeated requests from Plaintiff and Plaintiff's counsel for copies of quarterly and annual financial reports.  See Complaint ¶ 12.

9.     Defendant has now moved forward with additional equity financing and is attempting to convert Plaintiff's investment to preferred stock.  See Complaint ¶ 13.

10.     Defendant has demanded Plaintiff to execute a series of documents (the "Made in 3D Documents") relating to Defendant and its Canadian affiliate "Made in 3D Canada, Inc."  See Complaint ¶ 14.  Defendant, however, continues to deny Plaintiff access to Defendant's financial statements and tax documentation.  See Complaint ¶ 15.

11.     Following Defendant's request for Plaintiff to execute the Made in 3D Documents, Plaintiff submitted additional requests to Defendant to provide all financial information pursuant to the Side Letter Agreement.  See Complaint ¶ 15.  Defendant subsequently ignored Plaintiff's additional requests for Defendant's financial information.  See Complaint ¶ 15.

---

[1] The following facts are as alleged by Plaintiff, admitted by default, and established by the evidence submitted with the Complaint.

12.     Furthermore, Defendant has refused to acknowledge its obligations under the Side Letter Agreement.  See Complaint ¶ 17.

### III.    Procedural History.

13.     On October 25, 2021, Plaintiff filed the Complaint Defendant for breaching the SAFE and Side Letter Agreement.  (See ECF No. 1).

14.     On October 25, 2021, a Summons was issued as to Defendant.  (See ECF No. 4)

15.     On October 28, 2021, Defendant's registered agent was served by and through a process server.   (See ECF No. 5).  Correspondingly, Defendant's answer was due November 18, 2021.  (See ECF No. 5).

16.     On November 23, 2021, Plaintiff filed a Return of Service Executed by Plaintiff. (See ECF No. 5).

17.     On November 23, 2021, Plaintiff filed a request for entry of default against Defendant.  (See ECF No. 6).

18.     On January 5, 2021, the Clerk's entry of default was entered against Defendant. (See ECF No. 7).

### IV.    Legal Standard.

19.     Federal Rule of Civil Procedure 55 provides that obtaining a default judgment is a two step process.  A party must first request an entry of default against the non-responding party. *See J&J Sports Prod., Inc. v. Kim*, C.A. No. 14-1170-LPS, 2016 BL 96765 (D. Del. Mar. 29, 2016) (citing Fed. R. Civ. P. 55).  Following the entry of default by the Clerk of Courts, the party must then request a default judgment from the court if the amount if the amount is not for that of a sum certain. *See id*. citing Fed. R. Civ. P. 55(b).

20.     As an initial matter, an entry of default is appropriate where a defendant fails to file its answer or otherwise respond to the complaint.  *See Hritz v. Woma Corp.,* 732 F.2d 1178 (3d Cir. 1984); *Church-El v. Bank of N.Y.*, Civil No. 11-877, 2013 BL 358902, at *2 (D. Del. Dec. 31, 2013) (entering a default against the defendant for failing to file an answer within the time allowed).

21.      As noted above, Defendant has failed to file a response and the Clerk of Court has entered a default against Defendant.  (See ECF No. 7).

22.     Turning now to Plaintiff's request for entry of default judgment, "it is well settled ... that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz*, 732 F.2d at 1180.

23.     In determining whether default judgment is appropriate, the Third Circuit examines the following three factors: (1) whether the plaintiff will be prejudiced if the court does not grant a motion for default, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of the defendant's culpable conduct.  *See Chamberlain v. Giampapa*, 210 F.3d 154,164 (3d Cir. 2000); *Amazon.com, Inc. v. Citi Services, Inc.*, No. 99-543, 2008 WL 4965179, at *2 (D. Del. Nov. 21, 2008).

24.     Furthermore, the allegations in the complaint establishing defendant's liability are taken as true barring those relating to the amount of damages.  *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990); *Henry v. Fesmare*, No. Civ.A 03-827 GMS, 2005 U.S. Dist. LEXIS 20124, 2005 BL 31767, 2005 WL 2243243 (D. Del. Sept. 15, 2005) (accepting the plaintiff's recitation of facts as true for the court to proceed with its assessment of damages).

25.     The circumstances of the instant matter illustrate that an entry of default has been entered and that the entry of default judgment is appropriate.  The Clerk of Court has entered a

default against Defendant. (See ECF No. 6). Accordingly, the Court should enter default judgment because Defendant's refusal to participate in this matter violated its obligations under the Federal Rules of Civil Procedure and deprived Plaintiff of the ability to vindicate its legal rights. The record lacks any evidence that Defendant possesses a litigable defense and its continued refusal to participate constitutes culpable conduct.

## V.    A Default Judgment is Appropriate Under the Factors Applied by this Circuit.

### a.    Plaintiff Will be Prejudiced Without the Entry of a Default Judgment.

26.    As an initial matter, Defendant's failure to participate in the legal process by refusing to answer the Complaint threatens Plaintiff with the potentiality of never adjudicating its claims and risks the eventual expiration of the statute of limitations.

27.    The Third Circuit has opined that "this form of prejudice, when caused by the defendant's own conduct, should weigh substantially in favor of upholding a default judgment." *Hritz*, 732 F.2d at 1182 (finding the risk of the statute of limitations threatens plaintiff with the "gravest prejudice"); *See Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271-72 (E.D. Pa. 2014) (finding that considerable delays are sufficient to show prejudice where the delays might "stretch on indefinitely") citing *Grove v. Rizzi 1857 S.P.A.*, No. 04-2053, 2013 WL 943283, at *2 (E.D. Pa. Mar. 12, 2013).

28.    The denial of default judgment will also prejudice Plaintiff as Plaintiff has no further remedy against Defendant other than that of a default judgment. *See Skeway v. China Natural Gas, Inc.*, No. 1:10-CV-728-RGA, 2015 BL 23698 (D. Del. Jan. 30, 2015) (finding that plaintiffs would be prejudiced by further delay where a defendant was properly served and refused to file a response).

29.     Additionally, Plaintiff will be significantly prejudiced without the request declaratory and injunctive relief.  Defendant is in breach of its contractual obligations and there is no reason to believe that Defendant will cease its breaching conduct.  Defendant is undergoing a corporate transaction that will irreparably alter Plaintiff's equity standing within the organization.

30.     As a result, Plaintiff stands to endure significant prejudice without the entry of default judgment.

**b.  <u>Defendant Lacks a Meritorious Defense.</u>**

31.     Defendant has failed to answer the Complaint, has not appeared, and has not asserted any litigable defenses.  As such, there is nothing in the record to suggest that Defendant possesses a meritorious defense.

32.     To establish a meritorious defense, a defendant must allege sufficient facts which "if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.1951).  In determining whether a defense is "meritorious, the defendants must first 'set forth with some specificity the grounds for [that] defense.'" *Amazon.com, Inc. v. Citi Servs., Inc.*, C.A. No. 99-543-GMS., 2008 BL 260973, at *3 (D. Del. Nov. 21, 2008) citing *Harad v. Aetna Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir. 1988)

33.     In the instant matter however, no responsive pleadings have been filed.  Further, the Defendant has not indicated an intention to retain counsel in this matter nor has Defendant indicated that it intends to respond to Plaintiff's Complaint.

34.     By its complete failure to take any action despite notice of this lawsuit, Defendant has failed to establish a defense of any kind – let alone a meritorious defense.  *See Yakubets*, 3 F.

7

Supp 3d 261 at 271 (finding that a court may presume an "absent defendant" who has failed to file an answer possesses no meritorious defense).

35.     Therefore, this second factor also weighs in favor of granting Plaintiff's motion for default judgment.

        **c.   <u>The Default was Entered as a Result of Defendant's Culpable Conduct.</u>**

36.     Finally, Defendant's intentional conduct necessitates that Plaintiff's motion for entry of a default judgment be granted.

37.     The Third Circuit standard for "culpable conduct" is measured by the "willfulness" or "bad faith" of the defendant who fails to respond to the operative pleading. *Hritz,* 732 F.2d at 1183.

38.     Courts may infer a defendant's willfulness from the defendant's decision not to file a response or engage in the litigation. *See Skeway*, 2015 BL 23698 (finding a defendant's conduct to be culpable where the defendant was properly served and refused to answer the complaint); *See Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.,* 555 F. Supp.2d 537, 542 (E.D. Pa. 2008.

39.     Here, Defendant's conduct is indisputable.  Plaintiff properly effectuated service on Defendant.  Nevertheless, Defendant has failed to appear or otherwise defend against Plaintiff's claims.

40.     Moreover, Defendant has not made any efforts to notify Plaintiff or this Court of an intention to file a responsive pleading and participate in the instant litigation.  There is simply no excuse to justify the lack of respect for this Court that Defendant has exhibited.

41.     Defendant's conduct therefore readily qualifies as "bad faith" sufficient to satisfy this factor.

42.     Accordingly, all elements necessary to warrant entry of a default judgment are met and the Court should enter default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b).

**VI.     Plaintiff is Entitled to the Relief Requested.**

43.     As delineated above, the factual allegations in the Complaint must be taken as true and Defendant is deemed to have admitted all well-pleaded allegations. *Corbin*, 908 F.2d 1142 at 1149.

44.     Defendant's failure to respond to the Complaint's allegations therefore establishes liability under each of the relevant causes of action.  Notwithstanding Defendant's refusal to participate in this litigation, the Complaint sufficiently establishes Plaintiff's entitlement for a declaratory judgment, injunctive relief, attorney fees and costs, and any other relief as the Court may deem just and proper.

**a.     Declaratory Relief is Appropriate in the Instant Matter.**

45.     The district courts have the authority to declare the rights and legal relations of the parties pursuant to the Declaratory Judgment Act.  28 U.S.C. § 2201.  The purpose of the Declaratory Judgment Act is to "clarify legal relationships" and help district courts identify the "rights and obligations" of respective parties. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017) citing *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 649 (3d Cir. 1990).

46.     As a threshold matter, a plaintiff pursuing an action for declaratory judgment must prove by a preponderance of evidence that an "actual controversy" exists between the parties. *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 622 F. App'x 169, 174 (3d Cir. 2015); citing *Edmunds Holding Co. v. Autobytel Inc.*, 598 F. Supp. 2d 606, 608-09 (D. Del. 2009).

47.    An "actual controversy" exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Edmunds*, 598 F. Supp. 2d at 609 citing *Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).   Furthermore, a declaratory judgment must possess "utility" insofar as it is of practical help in ending the parties' controversy.  *Benson v. Amguard Ins. Co.*, C.A. No. 16-196-LPS, 2017 BL 213661, at *4 (D. Del. June 21, 2017) citing *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1155 (3d Cir. 1995) and S*tep-Saver Data Sys.*, 912 F.2d at 650.

48.    In then making a determination to grant declaratory relief, the court must examine whether the "declaratory judgment will (1) clarify and settle legal relations in issue and (2) terminate and afford greater relief from the uncertainty, insecurity, and controversy giving rise to the present action." *Delaware State University Student Housing Foundation v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367, 374 (D. Del. 2008) citing *Gruntal & Co. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993); *See Well Thrive Ltd. v. SemiLEDs Corp.*, C.A. No. 17-794 (MN), 2020 BL 499520, at *9 (D. Del. Dec. 21, 2020) (opining that "a declaration interpreting contractual relationships when the relief sought could affect present behavior of the contracting parties is an appropriate claim for declaratory relief") citing *Delaware State*, 556 F. Supp. 2d at 374.

49.    As established by the well-pled facts of the Complaint, Plaintiff satisfies its burden and has demonstrated a substantial controversy exists between the parties as to the obligations of the parties under the Side Letter Agreement.

50.    Specifically, there is controversy as to what information must be exchanged and/or made available to the respective party.  This ambiguity is well-established within the record as the admitted facts delineate that Plaintiff is entitled to review the quarterly financial reports within 30

days of the end of each quarter, to review complete yearly financial reports and tax documents within 45 days of the end of each calendar year, and to inspect Defendant's accounts.  See Complaint ¶ 10 and Exhibit A.

51.    The record also establishes that Plaintiff has invoked these rights on numerous occasions since the execution of the Side Letter Agreement.  See Complaint ¶ 11-15.  In response to Plaintiff's invocation of its right to the above documentation, Defendant has flatly denied Plaintiff's requests and has refused to perform its duties with regards to the Side Letter Agreement. See Complaint ¶ 17.

52.    As such, there is clearly uncertainty between the parties as to their contractual obligations under the Side Letter Agreement.  This controversy in particular warrants immediate declaratory relief given Defendant's pending equity transaction.

53.    Declaratory judgment stands to both clarify and resolve the legal relations of the parties at issue.  Declaratory relief will eliminate any of the uncertainty that exists between the parties as to their duties regarding the production of financial, tax, and client documentation under the Side Letter Agreement as delineated above.

54.    Further, the elimination of this uncertainty offers significant utility to the parties as it will ensure both proceed with an evenhanded understanding of its respective rights and obligations moving forward in future dealings with one another.

55.    Therefore, Plaintiff has met its burden and is entitled to declaratory relief concerning the parties' rights and duties under the Side Letter Agreement.

**b.  <u>The Entry of Injunction Relief is Appropriate.</u>**

56.    In determining whether to grant injunctive relief, the Third Circuit requires the examination of four factors: "(1) a likelihood of success on the merits; (2) he or she will suffer

irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

57.     In first examining Plaintiff's likelihood of success on the merits, Plaintiff respectfully submits that it has a high likelihood of success given the narrowly tailored nature of Plaintiff's relief.  The Side Letter Agreement specifically states that Defendant is required to provide certain financial information to Plaintiff.   See Exhibit A, Paragraphs 1(a) and 1(b).  Defendant has refused to provide Plaintiff with quarterly and yearly financial reports as contractually required in the explicit language of the Side Letter.  See Exhibit A, Paragraphs 1(a) and 1(b).

58.     Plaintiff respectfully submits given the explicit language of the Side Letter Agreement and that Plaintiff is seeking to narrowly compel Defendant's performance in strict adherence with the Side Letter Agreement, that it therefore has a strong likelihood of success on the merits of its Complaint.

59.     Turning next to a consideration of irreparable harm, Plaintiff will suffer significant irreparable and irrevocable harm if the injunction is denied.  Defendant is attempting to force Plaintiff to execute a new agreement for an equity transition transaction that will potentially result in the conversion of Plaintiff's equity.  This transaction stands to cause Plaintiff irreparable harm of an unknown magnitude given Plaintiff is without any ability to assess or assert or protect its contractual rights in connection with its investment in Defendant.

60.     Furthermore, at the conclusion of the transaction, Plaintiff's equity status within the organization will be irreparably changed and Plaintiff would be without a mechanism to revert its status prior to the transition.  Traditional remedies would be insufficient to make Plaintiff whole

given the nature of the harm and that the extent of the harm would be impracticable to measure by money damages.

61.    Turning to assessing the harm to Defendant, Plaintiff's requested injunctive remedy will not result in greater harm to Defendant.  Plaintiff has established irreparable harm that, without an injunction, is likely to continue and occur.  Plaintiff is not expanding its rights or entitlement under the Side Letter Agreement.  Rather, Plaintiff is requesting only the production of the financial information which it is contractually entitled to.

62.    As such, Plaintiff respectfully submits there is no harm to Defendant in light of the fact that Plaintiff's requested injunctive relief is narrow in nature and requires Defendant to only perform in conformity with its contractual duties.  As such, the balance of hardships favors Plaintiff and does not stand to harm Defendant.

63.    In examining the final element, the public interest would not be disserved by the enforcement of the Side Letter Agreement as it is well-recognized that there is significant societal benefit in the enforcement of contracts.  *See Cabela's LLC v. Highby*, 362 F. Supp. 3d 208, 225 (D. Del. 2019) (opining "there is strong public interest in upholding contractual agreements") citing *Ride the Ducks of Phila., LLC v. Duck Boat Tours, Inc.*, 138 F. App'x 431, 434-35 (3d Cir. 2005).

64.    Plaintiff's injunctive relief seeks only to enforce the duties and obligations of the Defendant as contracted for within the Side Letter Agreement.  As iterated above, Plaintiff is not seeking to expand or modify the respective duties and obligations of the parties.  Plaintiff respectfully submits the public interest stands to be benefitted by the narrowly tailored injunctive relief and that a corresponding injunction serves the greater public interest.

65.     Accordingly, the Court should enter an injunction mandating Defendant to comply with the terms of the Side Letter Agreement and provide Plaintiff with its requested financial information.

             c.     **<u>Reasonable Attorney Fees are Appropriate.</u>**

66.     Upon entry of a final judgment, Plaintiff is the prevailing party in this action.

67.     In view of the willful nature of Defendant's breach of the Side Letter Agreement and Defendant's failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate.

68.     Accordingly, Plaintiff requests the Court to award costs and attorney's fees in the amount of $6,788.00.

69.     The amount and reasonableness of the costs and fees are established in detail by the fee invoices and declarations attached hereto, submitted contemporaneously herewith, and identified as Exhibits "B" and "C".

**VII.     <u>Conclusion.</u>**

For the foregoing reasons, Plaintiff respectfully requests the Court to enter final default judgment against Defendant; provide a declaratory judgment that Plaintiff is entitled to the contractually agreed-upon financial documents; provide injunctive relief compelling Defendant to comply with its contractual obligations; award Plaintiff its incurred reasonable attorney fees and costs; and for any other relief the Court may deem just and proper.  A proposed order is filed herewith.

Respectfully submitted,

CAROTHERS & HAUSWIRTH LLP

Dated: April 19, 2022

By: */s/ Gregory W. Hauswirth*
    Gregory W. Hauswirth (DE Bar No. 5679)
    1007 North Orange Street, 4th Floor
    Wilmington, DE  19801
    Telephone: 302.332.7181
    Facsimile: 412.910.7510
    Email: ghauswirth@ch-legal.com


and


FOX, O'NEILL & SHANNON, S.C.

    Matthew W. O'Neill (WI Bar No. 1019269)
    622 North Water Street, Suite 500
    Milwaukee, WI 53202
    Telephone: (4l4) 273-3939
    Email: mwoneill@foslaw.com


*Attorneys for Plaintiff, Seed River, LLC*

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEED RIVER, LLC, | ) | |
| 10120 S. Eastern Ave., #227 | ) | |
| Henderson, NV 89052 | ) | C.A. No. 1:21-cv-01497-VAC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AON3D, INC., a Delaware Corporation, | ) | |
| 9494 Boulevard Saint Laurent | ) | |
| Suite 600 | ) | |
| Montreal, QC H2N 1P4 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER GRANTING PLAINTIFF SEED RIVER, LLC'S MOTION FOR
### ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AON3D, INC.

Upon consideration of the Motion of Plaintiff Seed River, LLC ("Plaintiff") for an entry of default judgment, declaratory relief, injunctive relief, and reasonable attorney fees and costs against Defendant AON3D, Inc. ("Defendant"), it is hereby ORDERED that the Motion is granted as set forth herein:

1. Plaintiff's request for default judgment is granted. Final judgment by default is hereby entered in favor of Plaintiff and against Defendant on Counts 1 and 2 set forth in the Complaint;

2. Plaintiff's request for declaratory judgment is granted. It is declared that Defendant is obligated pursuant to the Side Letter Agreement to provide Plaintiff will all quarterly and annual financial statements from July 2018 to the present;

3. Plaintiff's request for injunctive relief is granted. Defendant is hereby ordered to provide all requested financial information to Plaintiff; and

16

4. Plaintiff's request for an award of costs and reasonable attorney fees is granted.

   Plaintiff is awarded an amount of $6,788.00 in attorney fees and costs.


Dated _____, 2022          _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEED RIVER, LLC, | ) | |
| 10120 S. Eastern Ave., #227 | ) | |
| Henderson, NV 89052 | ) | C.A. No. 1:31-cv-01497-VAC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AON3D, INC., a Delaware Corporation, | ) | |
| 9494 Boulevard Saint Laurent | ) | |
| Suite 600 | ) | |
| Montreal, QC H2N 1P4 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 19th day of April 2022, by First Class Mail, postage prepaid, as follows:

TO:

AON3D, Inc.
9494 Boulevard Saint Laurent
Suite 600
Montreal, QC H2N 1P4

By: */s/ Gregory W. Hauswirth*