IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEED RIVER, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 21-cv-1497-GBW |
| AON3D, INC. | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff Seed River, LLC ("Seed River") filed the Complaint (D.I. 1) against Defendant AON3D, Inc. ("AON3D") to seek a declaration of AON3D's disclosure obligations, an injunction that requires "AON3D to provide all requested financial information to Seed River[,]" and costs, including attorney's fees. D.I. 1 at 6. Seed River served the Complaint upon The Corporation Trust Company, AON3D's registered agent, on October 28, 2021 and filed the executed service with the Court on November 23, 2021. D.I. 5. That same day, Seed River filed its Request for Entry of Default, D.I. 6, with the Court, which the Clerk of Court granted on January 5, 2022. Pending now is Seed River's Motion for Entry of Default Judgment Against AON3D (the "Motion," D.I. 12). For the reason below, the Court grants the Motion in part.

### I. BACKGROUND

When the Court considers whether to enter a default judgment after an entry of default, it must take "'the factual allegations of the complaint, except those relating to the amount of damages, . . . as true.'" *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022) (citations omitted). Seed River is a Nevada limited liability company "with the sole member being Master International Corporation, a California corporation." D.I. 1 ¶ 5; D.I. 3. AON3D is a Delaware corporation. D.I. 1 ¶ 6. On July 6, 2018, Seed River invested $225,000 in

1

AON3D in exchange for certain commitments outlined in a Simple Agreement for Future Equity (the "SAFE," D.I. 1-1) and a Side Letter between AON3D and Seed River (the "Side Letter," D.I. 1-2). D.I. 1 ¶¶ 7–8. The Side Letter recites that "AON3D shall provide Seed River complete quarterly financial reports . . . within 30 days of the end of each quarter" and "complete yearly financial reports . . . and assorted tax documentation within 45 days of the end of each calendar year." D.I. 1-2 § 1. The SAFE and Side Letter select Delaware law. D.I. 1-1 § 5(f); D.I. 1-2 § 5(f). "Following execution of the SAFE and the Side Letter, AON3D has not provided Seed River with any quarterly financial reports, [or] yearly financial reports, and has declined to allow Seed River to inspect AON3D's accounts." D.I. 1 ¶ 11. Seed River seeks a declaration that "AON3D has an obligation to provide financial information to Seed River" and an injunction to compel "AON3D to comply with its contractual obligations . . . ." D.I. 1 ¶¶ 22, 26; *see* D.I. 12-1.

Seed River filed its Complaint on October 25, 2021, D.I. 1, and had it served upon AON3D's registered agent on October 28, 2021, D.I. 5.[1] On November 23, 2022, Seed River filed both proof of service with the Court, *id.*, and a Request for Entry of Default with the Court Clerk, D.I. 6, which the Clerk granted on January 5, 2022, D.I. 7. On April 19, 2022, Seed River filed the Motion. D.I. 12.[2] AON3D has not yet appeared in this case.

## II.   LEGAL STANDARD

Default judgments are "generally disfavored" in the Third Circuit. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir.2008). A district court's decision to enter default judgment is

---

[1] According to Delaware's publicly available corporation search, a corporation named "AON3D, Inc." that was formed on December 8, 2016 with File Number 6243156 has "The Corporation Trust Company" as its registered agent. *See* Del. Division of Corps. (Accessed Feb. 6, 2023), https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx.

[2] The Motion was in the Court's vacancy docket from March 28 to September 8, 2022, when the case was reassigned to the present Judge. *See* C.A. No. 21-1497, D.I. 8; Order of Sept. 8, 2022.

reviewed for abuse of discretion. *PPG Indus.*, 47 F.4th at 160 n.10. "Rule 55 of the Federal Rules of Civil Procedure sets out a two step process for entry of a default judgment . . . ." *Anderson v. Loc. 435 Union*, 791 F. App'x 328, 330 (3d Cir. 2019). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Next, the party seeking default may apply for default judgment either from the clerk, in certain cases—"[i]f the plaintiff's claim is for a sum certain" and the defendant has not appeared and "is neither a minor nor an incompetent person"—or from the Court, in "all other cases." *Id.* 55(b).

Before entering a default judgment, the Court must decide whether "'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citation omitted); *see Travelers Cas. & Sur. Co. of Am. v. Perlman*, 351 F. Supp. 3d 930, 932 (E.D. Pa. 2019) (same). *But see Anderson*, 791 F. App'x at 332 (permitting, but not requiring, a district court to raise *sua sponte* a complaint's deficiency in the default judgment context). If the complaint establishes a cause of action, the court then considers three factors to determine if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 160 n.8 (3d Cir. 2022) (same); *United States v. Wunder*, 829 F. App'x 589, 590–91 (3d Cir. 2020) (same).

### III. DISCUSSION

Seed River asks the Court to grant default judgment and "declare[] that [AON3D] is obligated . . . to provide [Seed River] with all quarterly and annual financial statements from July

3

2018 to the present; . . . order[] [AON3D] to provide all requested financial information to [Seed River]; and [grant] [Seed River]'s request for an award of costs and reasonable attorney fees . . . ." D.I. 12-1. The Court grants the request for declaratory relief and denies the request for injunctive relief and for attorneys' fees and costs.

### a. Declaratory Relief

Since Seed River properly obtained default from the Clerk of Court, D.I. 7, the Court must decide if Seed River has a legitimate cause of action and then apply the *Chamberlain* factors.

The Declaratory Judgment Act permits, but does not require, "any Court of the United States" to "declare the rights and other legal relations of any interested party . . . ." 28 U.S.C. § 2201(a). The purpose of declaratory relief is "to declare the rights and other legal relations of a party before an injury is established." *Ke v. DiPasquale*, 828 F. App'x 98, 102 (3d Cir. 2020). First, a district court may exercise jurisdiction under the Declaratory Judgment Act only if plaintiff can show that "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted); *see Benihana of Tokyo, Inc. v. Benihana, Inc.*, 622 F. App'x 169, 174 (3d Cir. 2015) (same); *see also Nexon Am. Inc. v. Uniloc 2017 LLC*, 2020 WL 3035647, at *2 (D. Del. June 5, 2020) (same, but in the patent context).

Further, a district court has discretion to decline to exercise its declaratory judgment jurisdiction. *See DiAnoi's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 196 (3d Cir. Aug. 18, 2021). In making this decision, the district court should consider the following:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of

4

> restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; [and] (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata[.]

*Id.* at 196–97 (cleaned up).

Here, Seed River argues that it has an actual controversy with AON3D and that declaratory judgment will clarify legal issues. *See* D.I. 12 ¶¶ 45–55. The Court finds that it both may and should accept jurisdiction. Seed River alleges that the Side Letter requires AON3D to provide it with certain financial documents. D.I. 1 ¶ 10. However, "AON3D has refused to provide any of the requested financial information [i.e., annual and quarterly financial reports], and has refused to even acknowledge its obligations under the Side Letter []." D.I. 1 ¶¶ 11–12, 17. AON3D has also "proposed to convert Seed River's investment to preferred stock" and "demanded that Seed River execute a series of documents" related to AON3D and its Canadian subsidiary. D.I. 1 ¶¶ 13–14. Thus, the parties have an actual controversy as to AON3D's obligations under the Side Letter. Also, there is no parallel state proceeding or other duplicative or prior litigation of which the Court is aware. Seed River has elected a Delaware forum and AON3D is incorporated in Delaware, so the forum is convenient. Further, Delaware law permits declaratory judgment as to contracts. *See* 10 Del. Code § 6503. Thus, jurisdiction is proper.

The *Chamberlain* factors favor Seed River. The Side Letter provides that "AON3D shall provide Seed River complete quarterly financial reports . . . within 30 days of the end of each quarter" and "complete yearly financial reports . . . and assorted tax documentation within 45 days of the end of each calendar year." D.I. 1-2 § 1. Under the facts alleged in the Complaint, which the Court must accept as true, *PPG Indus.*, 47 F.4th at 161, AON3D has no reason for its failure to abide by the parties' contract, *see* D.I. 1 ¶ 12. Seed River will also suffer prejudice. AON3D is moving forward with new equity financing and related corporate transactions that Seed River

cannot evaluate without the financial information at issue. D.I. 1 ¶¶ 13–15. While a declaratory judgment only interprets the Side Letter, Delaware law provides that "[a] contract may be construed either before or after there has been a breach thereof." 10 Del. Code § 6503. Thus, the Court finds that Seed River can show prejudice. Even if the Court assumes that AON3D's failure to respond in this action is not due to culpable conduct, the *Chamberlain* factors favor Seed River and, thus, the Court grants default judgment as to the declaratory judgment claim.

### b. Injunctive Relief

Seed River lacks a legitimate cause of action for injunctive relief and the *Chamberlain* factors favor AON3D. Thus, the Court denies default judgment of the injunctive relief claim.

The SAFE and Side Letter select Delaware law. D.I. 1-1 § 5(f); D.I. 1-2 § 5(f). Further, Seed River invokes the Court's diversity jurisdiction, D.I. 1 ¶ 3, which suggests that Seed River brings Delaware, rather than federal, claims.[3] Under Delaware law, "[a] party seeking specific performance must establish that (1) a valid contract exists, (2) he is ready, willing, and able to perform, and (3) that the balance of equities tips in favor of the party seeking performance." *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010) (discussing transfer of real property). Plaintiff's "burden with respect to the remedy of specific performance of a contract is . . . a showing by clear and convincing evidence." *Simon-Mills II, LLC v. Kan Am USA XVI Ltd. P'ship*, 2017 WL 1191061, at *18 (Del. Ch. Mar. 30, 2017). Further, a plaintiff seeking a permanent injunction must show "the inadequacy of remedies at law . . . ." *In re COVID-Related Restrictions on Religious Servs.*, 285 A.3d 1205, 1232–33 (Del. Ch. 2022); *see Swann Keys Civic Ass'n v. Dippolito*, 2022 WL 17999590, at *8 (Del. Ch. Dec. 30, 2022) (requiring a showing that

---

[3] Seed River cites in its briefing the Third Circuit's standard, not Delaware's, for preliminary, rather than permanent, injunctive relief. *See* D.I. 12 ¶ 56 (citing *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010)).

"legal remedies are not sufficient"). In other words, "'[s]pecific performance is an extraordinary remedy' that is appropriate when 'assessing money damages would be impracticable or would fail to do complete justice.'" *Somaxon Pharmacuticals, Inc. v. Actavis Elizabeth LLC*, 2020 WL 3470471, at *5 (D. Del. June 25, 2020) (citation omitted).

Here, Seed River seeks an injunction that would force AON3D to specifically perform under the Side Letter. *See* D.I. 1 ¶ 26; D.I. 12-1 ¶ 3. While the SAFE and Side Letter are valid and Seed River has already performed by investing in AON3D, D.I. 1 ¶¶ 7–10, Seed River cannot show that the equities favor specific performance. If AON3D's new financing damages the value of Seed River's investment, Seed River provides no reason that it cannot later sue for monetary relief and be made whole. Importantly, both the SAFE and the Side Letter fail to mention any entitlement to equitable relief. *See* D.I. 12 ¶ 57 (explaining that the Side Letter requires the provision of certain documents, but not mentioning an entitlement to equitable relief). Also, the Court has no means to evaluate whether provision of the requested financial information would work a hardship against AON3D. *See Osborn*, 991 A.2d 1153, 1161 (Del. 2010) ("When balancing the equities [the Court] must be convinced that specific enforcement of a validly formed contract would not cause even greater harm than it would prevent." (cleaned up)). Thus, the Court finds that Seed River lacks a legitimate cause of action under Delaware law for injunctive relief.

Even if Seed River had a legitimate cause of action, the *Chamberlain* factors favor AON3D. Seed River argues that it will suffer prejudice because "[AON3D] is undergoing a corporate transaction that will irreparably alter [Seed River]'s equity standing within the organization." D.I. 12 ¶ 29. Seed River explains that it "would be without a mechanism to revert its status prior to the [transaction]." D.I. 12 ¶ 60. However, because Seed River could sue for damages to recoup any diminution in the value of its investment, Seed River fails to show that

7

denial of default judgment would prejudice Seed River. Further, AON3D has, at the very least, a "litigable defense" that Seed River cannot seek its requested injunctive relief. Thus, even if the Court assumes that AON3D's failure to timely respond is culpable conduct, the *Chamberlain* factors favor AON3D and the Court denies default judgment on that basis as well.

### c. Attorneys' Fees and Costs

The Court also denies summary judgment as to attorneys' fees and costs. "Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses." *Fox v. Vice*, 563 U.S. 826, 832 (2011). Delaware follows this so-called "American Rule." *See William Penn P'ship v. Saliba*, 13 A.3d 749, 758 (Del. 2011). Here, Seed River points to no Delaware statute or judicial doctrine that would abrogate the American Rule. Instead, Seed River argues generally that AON3D's breach was "willful" and led to "unjustified delays and increased costs and fees . . . ."[4] D.I. 12 ¶ 67. Since Seed River offers no law or judicial doctrine that overrides the American Rule, the Court finds that Seed River lacks a legitimate cause of action for attorneys' fees and, thus, denies default judgment.

The Third Circuit favors the resolution of cases on the merits. *See Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 137 (3d Cir. 2017) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). The Court wishes to ensure, to the extent possible, that AON3D is aware of this litigation so that it can appear and defend itself, and the Court appreciates

---

[4] Even if Seed River had invoked Delaware's bad faith exception to the American Rule (which Seed River did not), the Court would not find bad faith here. The exception "applies only in extraordinary cases where the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons[,]" such as "where parties have unnecessarily prolonged or delayed litigation, falsified records or knowingly asserted frivolous claims. To find bad faith, a party must have acted in subjective bad faith, which involves a higher or more stringent standard of proof, *i.e.*, clear evidence." *Hastings Funeral Home, Inc. v. Hastings*, 2022 WL 16921785, at *11 (Del. Ch. Nov. 14, 2022) (internal quotation marks and citations omitted). Here, while AON3D's failure to appear delayed litigation, Seed River offers no evidence that AON3D's failure was intentional or reckless.

8

that Seed River served the Motion upon AON3D by mail at its Quebec office. D.I. 12 at 18. The Court further orders that Seed River shall send to AON3D's Montreal, Quebec and Brooklyn, New York offices[5] copies of the summons, D.I. 4, and Complaint, D.I. 1, along with a copy of this Memorandum Order. Seed River shall not seek to enforce this default judgment ruling until Seed River dockets proof—such as a signed return receipt—that AON3D has received these documents.

Therefore, at Wilmington this __6th__ day of February 2023, **IT IS HEREBY ORDERED** that Seed River's Motion for Entry of Default Judgment Against AON3D (the "Motion," D.I. 12) is **GRANTED-IN-PART** and **DENIED-IN-PART**:

1. The Motion is **GRANTED** to the extent that the Court grants declaratory judgment that AON3D is obligated to provide Seed River with all quarterly and annual financial statements from July 6, 2018 to the present;

2. The Motion is otherwise **DENIED**; and

3. Seed River shall not seek to enforce the Court's default judgment ruling until Seed River dockets proof that AON3D has received copies of the summons and Complaint and of this Memorandum Order, as described above.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[5] *See* "About," AON3D (Accessed Feb. 2, 2023), https://www.aon3d.com/about/ (reciting addresses at 9494 Boulevard Saint-Laurent, Suite 600, Montreal, QC, H2N 1P4 and at 19 Morris Avenue 117, Brooklyn, NY, 11205).